UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 02-368 DRH |
| KENNETH BROSH, ) | |
| Defendant. ) | |
| _____ ) | |

FILED
02 APR 26 PM 4:37

## **COMPLAINT**

The United States of America alleges:

1. This action is brought by the United States on behalf of Dale and Jennifer Van Dyke, and their three minor children, pursuant to Section 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o).

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

3. The Van Dykes and their minor children are residents of the State of Illinois.

4. Defendant Kenneth Brosh is a resident of the State of Illinois and is the owner of a single-family dwelling at 12 Fox Creek, Belleville, Illinois, ("the subject property"), which the defendant rents to the public.

5. The subject property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

6. At all times relevant to this matter, the defendant owned and rented at least three other dwellings within the meaning of 42 U.S.C. § 3602(b) in addition to the subject property.

7.   On or about November 16, 2000, Mrs. Van Dyke filed a timely complaint alleging discrimination in housing on the basis of familial status with the United States Department of Housing and Urban Development ("HUD") pursuant to Section 810(a) of the Fair Housing Act, 42 U.S.C. § 3610(a).  The complaint alleged, inter alia, that on or about July 9, 2000, the defendant discriminated against the Van Dykes by making statements that indicated a preference, limitation or discrimination based on familial status and by refusing to rent a dwelling to the Van Dykes on the basis of familial status.

8.   Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.  Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause exists to believe that discriminatory housing practices had occurred.  Accordingly, on or about January 28, 2002, the Secretary issued a Charge of Discrimination ("the Charge") pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the defendant with engaging in discriminatory housing practices in violation of Section 804 of the Fair Housing Act, 42 U.S.C. §3604.

9. On or about February 25, 2002, the defendant elected to have the Charge resolved in a civil action in federal district court, pursuant to 42 U.S.C. § 3612(a).

10. Following this election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

11. By agreement of the parties, the date by which the United States could timely file its federal complaint in this litigation was extended to April 26, 2002.

12. On or about July 9, 2000, in a telephone conversation between Mrs. Van Dyke and the defendant concerning the availability of the subject property and after learning the ages of the Van Dykes' children, the defendant stated that he preferred not to rent to families with children under the age of three years and refused to rent the house to the Van Dykes because one of their children was two years old at the time. The Van Dykes' two other children were four and six years old.

13. Through the conduct described in paragraph 12, above, the defendant has: (a) made unavailable or denied a dwelling to the Van Dykes because of their familial status in violation of 42 U.S.C. § 3604(a); and (b) made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

14. The Van Dykes and their minor children are aggrieved persons, as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the defendant's conduct described above.

15. The discriminatory actions of the defendant were intentional, willful, and taken in disregard for the rights of the Van Dykes and their minor children.

WHEREFORE, the United States prays that the Court enter an ORDER that:

1. Declares that the discriminatory housing practices of the defendant as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3604(a) and 3604(c);

2. Enjoins the defendant, any agents, employees, and successors he may have, and all other persons in active concert or participation with him from making any statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on familial status or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

3. Awards such damages as would fully compensate the Van Dykes and their minor children for injuries caused by the defendant's discriminatory conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

4. Awards punitive damages to the Van Dykes and their minor children pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

- 5 -

The United States further prays for such additional relief as the interests of justice may require.

Robert J. Cleary
United States Attorney
9 Executive Drive
Fairview Heights, Illinois 62208
Telephone: (618) 628-3700
Fax: (618) 622-3810

Branch Office:

402 W. Main Street., Benton, Illinois 62812
Telephone: (618) 439-3808
Fax: (618) 439-2401
Laura J. Jones, Civil Chief,
Telephone: (618) 628-3715
Mark R. Niemeyer
Telephone: (618) 628-3828

John Ashcroft
Attorney General

Ralph F. Boyd, Jr.
Assistant Attorney General

Joan A. Magagna
Chief, Housing and Civil Enforcement Section

Timothy J. Moran
Deputy Chief
Louie M. Stewart
Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(Telephone) 202-616-7779
(Fax) 202-514-1689